Argued and submitted November 20, 1981, reversed and remanded March 22, reconsideration denied May 27, petition for review allowed June 22, 1982 (293 Or 340)

# VALLEY & SILETZ RAILROAD et al,
*Petitioners,*

*v.*

# LAUDAHL et al,
*Respondents.*

(No. 81-022, CA A21462)

642 P2d 337

Scott MacArthur, Monmouth, argued the cause for petitioners. With him on the briefs was McArthur & Jennings, P.C., Monmouth.

Mark Irick, Dallas, argued the cause for respondents. On the brief were Kenneth E. Shetterly, and Hayter, Shetterly & Irick, Dallas.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Petitioners seek judicial review of a determination by the Land Use Board of Appeals (LUBA), reversing approval of a minor partition by Polk County. LUBA found a lack of substantial evidence for the county's finding that the land was unsuitable for farm crops and livestock. We reverse and remand.

Petitioner Valley & Siletz Railroad owns approximately 300 acres of land underlying an abandoned railroad right-of-way. The property is generally 60 feet wide throughout its length of 38 miles, and it includes, at one point, a triangular one-acre parcel, formerly the site of a siding and way station. In 1978, the railroad conveyed the one-acre parcel to petitioners Phillips without first seeking the county's approval for a property division in an area zoned for exclusive farm use. The Phillips' were unable to obtain a building permit. The railroad then applied for a special exception to allow the partition. The county approved the special exception.

Respondents, who own land near the parcel and are interested in acquiring it, petitioned LUBA for review of the county's approval of the exception. They alleged violations of the county's zoning ordinances, the comprehensive plan and statewide planning goals 2 (land use planning) and 3 (agricultural lands). After a remand for additional findings, LUBA invalidated the county's approval for lack of substantial evidence to show that the one-acre parcel was unsuitable for farm use.

In this court, petitioners contend that (a) LUBA exceeded its jurisdiction by reviewing the county's findings *de novo,* rather than for substantial evidence; (b) the entire parcel must be considered in determining the unsuitability of the land; and (c) the division of the land was proper under county zoning ordinances, because the dividing line followed the physical feature of the railway roadbed. We need address only the first point.

LUBA's final order recited the following in its statement of facts:

"The county adopted extensive findings of fact in support of its decision to grant the special exception. The

county made findings both with respect to the 38 mile long, 60 foot wide abandoned railroad strip as well as the 1 acre triangular shaped parcel. Sections 136.030, 136.010 and 136.030(B) of the Polk County Ordinance required the county to determine that the property was generally unsuitable for the production of farm crops and livestock. The county found that the 38 mile long strip of abandoned railroad was not suitable for production of farm crops or livestock due to chemical spraying which had taken place on the property over the years and rock which lay on the center portion of the property to a depth of 18 to 30 inches and to a width of 14 feet.

"Concerning the triangular shaped 1 acre parcel, the county adopted the statements of the applicant's expert witness, an agronomist, Mr. DeNoma. Based upon his statements, the county found that the property could not be reasonably used for any agricultural purpose considering the property's terrain, soil conditions, drainage, flooding, vegetation, location and size."

In rejecting the county's finding of unsuitability, LUBA reasoned:

"The only evidence in the record relative to the 1 acre parcel's unsuitability for production of farm crops and livestock is (1) that the parcel is subject to flooding; (2) that the parcel is 1 acre in size and (3) the location of the parcel relative to other farm parcels in the area. With respect to the issue of flooding, we do not believe the county was justified in concluding, based upon the facts in this case, that flooding was such a problem as to render the property unsuitable for the production of farm crops and livestock. As Mr. Laudahl testified and as is common knowledge to many of us who live within the Willamette Valley, many productive agricultural lands are subject to flooding during wet weather. Moreover, in this case there is evidence that the flooding problem can be solved by the implementation of proper drain control methods and that a nearby property owner who is interested in purchasing the property for farm use is willing, if necessary, to pay the cost of correcting the flooding problem. The question, then, becomes one of whether this property, due to its limited size and location is to be considered unsuitable for the production of farm crops and livestock."

In its final order, LUBA does not appear to dispute the county's finding of unsuitability with respect to the railroad property located within the county. Rather, LUBA

focused its analysis exclusively upon the suitability of the one-acre parcel. Even were LUBA correct in focusing solely upon the one-acre parcel, *but see, Meyer v. Lord,* 37 Or App 59, 69, 586 P2d 367 (1978), *rev den* 286 Or 303 (1979), we agree with petitioners that LUBA erred in its application of the substantial evidence test. Under Oregon Laws 1979, chapter 772, section 4(7), LUBA is bound by any findings of fact by the county governing body for which there is substantial evidence. In its final order, LUBA based its conclusion on testimony of one of the respondents, who are interested in purchasing the property and who are challenging the partition. The county was entitled to rely upon the testimony of the expert witness to find the land unsuitable for farm use. LUBA was bound by the county's findings of fact.

Because LUBA did not reach other contentions made by respondents, which could affect the outcome of this case,[1] we remand for that purpose.

Reversed and remanded.

---

[1] Respondents argued, for example, that the railroad bed was not a physical feature dividing the parcel from the rest of the property, within the meaning of the county ordinances.